FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 08 2010

JAMES W. McCORMACK, CLERK
By: SDavis
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH THORNHILL, | ) |
| Plaintiff, | ) 4:10cv1564 SWW |
| v. | ) |
| LAW OFFICE OF STEPHEN P. LAMB, | ) This case assigned to District Judge Wright |
| | ) and to Magistrate Judge Kay |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, ELIZABETH THORNHILL, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, LAW OFFICE OF STEPHEN P. LAMB, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. ELIZABETH THORNHILL, (hereinafter, "Ms. Thornhill") is an individual who was at all relevant times residing in the City of North Little Rock, County of Pulaski, State of Arkansas.

1

5. The debt that Ms. Thornhill was allegedly obligated to pay was a debt allegedly owed by Ms. Thornhill to Midland Funding LLC, as successor in interest to First bank of Delaware Tribute Mastercard (hereinafter "Mastercard").

6. The debt that Ms. Thornhill allegedly owed Mastercard was for a credit card, on which charges were incurred primarily for the personal use of Ms. Thornhill and/or for household expenditure.

7. At all relevant times, Ms. Thornhill was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. LAW OFFICE OF STEPHEN P. LAMB, (hereinafter, "Lamb") is a law firm engaged in the collection of debt within the State of Arkansas. Lamb's principal place of business is located in the State of Arkansas.

9. The principal purpose of Lamb's business is the collection of debts allegedly owed to third parties.

10. Lamb regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Lamb sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Lamb acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Lamb acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. On or about August 2, 2010, Lamb sent Ms. Thornhill a correspondence in an attempt to collect a debt allegedly owed by Ms. Thornhill to Mastercard.

15. On or about August 20, 2010, and within thirty (30) days of receiving the aforementioned correspondence, Ms. Thornhill sent Lamb a correspondence.

16. In the aforesaid correspondence, Ms. Thornhill requested that Lamb provide her with documentation relative to the debt on which it was attempting to collect.

17. In the aforesaid correspondence, Ms. Thornhill further informed Lamb that she disputed the validity of the debt on which it was attempting to collect.

18. Upon information and belief, Lamb received the aforementioned correspondence.

19. On or about September 14, 2010, Lamb sent a correspondence to Ms. Thornhill.

20. Lamb enclosed within the aforesaid correspondence what Lamb purported to be documentation that verified the debt on which it was attempting to collect.

21. Lamb enclosed within the correspondence a document captioned as "MIDLAND FUNDING LLC, as successor in interest to FIRST BANK OF DELAWARE, Plaintiff –vs– Elizabeth Thornhill, Defendant(s)." (*Emphasis included*).

22. The document further stated that it was an "AFFIDAVIT OF CYNTHIA SCHAEFER" (hereinafter "Affidavit"). (*Emphasis included*).

23. The aforesaid Affidavit had the effect of conveying to an unsophisticated consumer that the Affidavit was authorized, issued, or approved by any court given that at the

top of the Affidavit there was a caption stating that MIDLAND FUNDING LLC, as successor in interest to FIRST BANK OF DELAWARE was a Plaintiff in an action and that Ms. Thornhill was a Defendant. *(Emphasis included)*.

24. The aforesaid Affidavit was false, deceptive and/or misleading given that it represented that a lawsuit had been filed against Ms. Thornhill at a time when no lawsuit had been filed against her relative to the debt she allegedly owed to Mastercard.

25. The aforesaid Affiant stated that she was familiar with the account records for Midland Credit Management, Inc and that she was a Legal Specialist employed at Midland Credit Management, Inc.

26. The aforesaid Affiant further stated that Midland Credit Management, Inc. was the servicer of the account on behalf of MIDLAND FUNDING LLC, as successor in interest to FIRST BANK OF DELWARE.

27. The aforesaid Affiant stated that based on her review of the records pertaining to Ms. Thornhill's account that Ms. Thornhill owed a debt.

28. The aforesaid Affidavit failed to indicate how an employee of Midland Credit Management, Inc, a servicer of Midland Funding LLC, was familiar with the debt Ms. Thornhill allegedly owed to Mastercard.

29. The aforesaid Affidavit failed to indicate the date when Ms. Thornhill allegedly signed a written agreement with Mastercard.

30. The aforesaid Affidavit failed to discuss the dates when Ms. Thornhill allegedly incurred the debt she owed to Mastercard.

31. As such, the aforesaid Affidavit, provided by Lamb to Ms. Thornhill, failed to verify the debt on which Lamb was attempting to collect.

32. Notwithstanding Lamb's representation in its correspondence, that it had enclosed documentation that verified the debt, the aforesaid Affidavit failed to verify the debt on which Lamb was attempting to collect.

33. The aforementioned correspondence sent by Lamb to Ms. Thornhill further stated that Ms. Thornhill was to contact Lamb within ten (10) days to make arrangements to pay the debt that she allegedly owed to Mastercard.

34. As such, Lamb continued to attempt to collect the debt allegedly owed by Ms. Thornhill without first having provided her with the documentation, timely requested by Ms. Thornhill, to verify the debt on which it was attempting to collect.

35. In its attempts to collect the debt allegedly owed by Ms. Thornhill to Mastercard, Lamb violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Used or distributed any written communication which simulated or falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval in violation of 15 U.S.C. §1692e(9);

   d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   e. Continued to attempt collection of the debt allegedly owed by the consumer despite having failed to mail to the consumer verification of the debt by the original creditor or the name and address of the original creditor in response to receiving a timely written notification from the consumer that the debt was disputed or notification that the consumer requests the name and address of the original creditor in violation of 15 U.S.C. §1692g(b); and,

  f. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

36. As a result of Lamb's violations as aforesaid, Ms. Thornhill has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V. JURY DEMAND

37. Ms. Thornhill hereby demands a trial by jury on all issues so triable.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ELIZABETH THORNHILL, by and through her attorneys, respectfully prays for judgment as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00;

  c. Plaintiff's attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
ELIZABETH THORNHILL

By: /s/ David M. Marco
David M. Marco
Attorney for Plaintiff

Dated: November 2, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x812)
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us